UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



Mike Redford,  )
　)
　　Plaintiff,  )
　)
v.　)　Civil Action No. 19-2042 (UNA)
　)
Members of U.S. Senate *et al.*,  )
　)
　　Defendants.  )

## MEMORANDUM OPINION

This matter, filed *pro se*, is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and complaint. The application will be granted, and this case will be dismissed as frivolous. *See* 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's complaint upon a determination that it, among other listed grounds, is frivolous).

Plaintiff is a Georgia state prisoner serving a 20-year sentence for aggravated stalking. Compl. at 1. Plaintiff claims also to be a "Pre-Eminent Jurist, Dr., LL.M, ISD/PhD." Compl. Caption. He has sued both chambers of the United States Congress, the U.S. Department of Justice, and the Federal Bureau of Investigation. Plaintiff's narrative cast as factual allegations is difficult to follow. The gist of the complaint, however, is that the defendants have subjected plaintiff, an African American, to "illegal custody by virtue of involuntary servitude" due to his race and "national origin." Compl. at 17. Plaintiff posits that "Congress failed to abolish U.S.C.A. [sic] Thirteenth Const. Amend.[,] which gives white supremacist and white nationalist the right to frame any black man or color person with a crime arbitrary and capriciously by throwing on him as many charges as possible with hope one sticks." *Id.* He alleges, among other things, that he "was abducted in violation of federal interstate Kidnapping Act" and, as an

1

African American, he "has no political muscle." *Id.* The accusations continue in this manner for six additional pages. As relief, plaintiff seeks "repeal" of certain laws and of the clause in the Thirteenth Amendment that "except[s]" from the ban on involuntary servitude "punishment for crime[,] [as] they frame innocent people of crimes they did not commit." Compl. at 24. He also seeks to "abolish common law of absolute immunity for judges and prosecutor[s] because it is unfetted [sic] power that bears judicial tyranny and intimidation" and "to purge the courts of those who hold white supremacist or white nationalistic ideology." *Id.*

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). The allegations, such as they are, against the U.S. Congress are quintessentially "lawmaking activities" that are fully protected by the Constitution's Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1. *Chastain v. Sundquist*, 833 F.2d 311, 313 (D.C. Cir. 1987); *see id.* at 314 ("actions taken in committee hearings, proceedings, and reports, or by vote . . . fall within the constitutional zone of protection") (citations omitted)).

As for any remaining claims, complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are also subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss as frivolous claims suggesting "bizarre conspiracy theories") (citations and internal quotation marks omitted)). The instant complaint not only satisfies that standard but seems to fit plaintiff's litigation style. *See Redford v.*

2

*Planchard*, No. 1:09-MI-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (noting "that Plaintiff Mike Redford has filed at least sixteen (16) civil actions, including this one, in this court since October 4, 2002," which "have all been dismissed as frivolous or for failure to state a claim").[1] Because the Court foresees no possibility of curing the defects of the instant complaint, it will dismiss this case with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

Date: August 15, 2019

United States District Judge

---

[1] Because this Court has not independently evaluated the prior dismissals in Georgia to determine whether they qualify as strikes under 28 U.S.C. § 1915(g), it cannot bar plaintiff from proceeding *in forma pauperis* in this case. *See Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1153 (D.C. Cir. 2017) ("[A] prisoner may be barred from proceeding *in forma pauperis* only if the later district court independently determines that the prisoner has brought three cases that were dismissed for failure to state a claim, or as frivolous or malicious.").

3